**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARK URRUTIA, #B-37120,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) Case No. 15-cv-01266-MJR |
| | ) |
| **ILLINOIS DEPT. OF CORRECTIONS** | ) |
| **DIRECTOR, WARDEN LASHBROOK,** | ) |
| **VIPEN SHAH and SUZANN BAILEY,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Mark Urrutia is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). He brings this action pursuant to 42 U.S.C. § 1983 against four defendants, including the Director of the Illinois Department of Corrections ("IDOC"), Vipen Shah (doctor), Suzann Bailey (food service administrator), and Warden Lashbrook (Pinckneyville's warden). In the complaint (Doc. 1) and exhibits[1] (Docs. 5, 7, 9), Plaintiff claims that the defendants adopted a cost-saving policy of serving inmates a soy-based diet at Pinckneyville, despite the known, negative health consequences associated with the diet.

Plaintiff has consumed a soy-based diet at Pinckneyville since May 12, 2014. (*Id*.). Since then, he has begun to suffer from a number of health problems that he attributes to the diet.

---

[1] After filing his complaint on November 13, 2015 (Doc. 1), Plaintiff filed three sets of exhibits to the complaint on November 18th (Doc. 5), November 19th (Doc. 7), and November 23rd (Doc. 9). Although the Court normally rejects piecemeal amendments to a complaint, the exhibits are clearly intended to supplement rather than amend the complaint. Further, the Court received them before conducting its threshold review of this matter pursuant to 28 U.S.C. § 1915A. Accordingly, this order addresses Documents 1, 5, 7, and 9, as though all four were filed together as a single complaint. Any future amendments to the complaint must comply with Rule 15 of the Federal Rules of Civil Procedure.

These problems include prolonged periods of constipation and flatulence, punctuated by severe bouts of diarrhea and bloody stools. Plaintiff suffers from lethargy. He has also grown breasts.

Although he has filed grievances with each of the defendants to complain about the soy diet and its adverse impact on his health, Plaintiff's complaints have fallen on deaf ears. (*Id*.). In response to his specific request for medical treatment, Doctor Shah refused to order Plaintiff a non-soy diet. Instead, Doctor Shah told him to "drink more water" or buy different food from the prison's commissary. (*Id*.).

Plaintiff now claims that the defendants conspired to violate his rights under the Eighth and Fourteenth Amendments by implementing the soy diet at Pinckneyville and disregarding his complaints about its impact on his health. (*Id*. at 6). He seeks compensatory and punitive damages from all four defendants. (*Id*.).

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* complaint into the following three (3) counts:

> **Count 1:** Defendants, acting in conspiracy with one another, endangered Plaintiff's health by serving a soy-based diet at Pinckneyville in violation of the Eighth Amendment;
>
> **Count 2:** Defendants responded to Plaintiff's particular diet-related health complaints with deliberate indifference, in violation of the Eighth Amendment;
>
> **Count 3:** Defendants violated Plaintiff's rights under the Fourteenth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 – Soy Diet Policy**

Plaintiff's claim (**Count 1**) that the defendants endangered his health by adopting a soy diet at Pinckneyville is subject to further review. This claim arises under the Eighth Amendment, which protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protections extend to conditions of confinement that pose a substantial risk of serious harm to an inmate's health and safety. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Under the Eighth Amendment, prison officials are required to serve inmates "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). A prison official who knows of a risk of serious harm to an inmate's health and responds with deliberate indifference, by disregarding the risk or failing to take reasonable steps to abate it, may be liable under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

The allegations in the complaint suggest that the defendants adopted a soy diet at Pinckneyville in order to save money, despite being aware of the negative health consequences associated with the diet. (Doc. 1 at 5). Plaintiff maintains that the diet endangered his health and caused him to suffer from chronic constipation, diarrhea, and other symptoms. At this early stage, the Court will allow him to proceed with Count 1 against all of the defendants on this basis.

However, that aspect of Count 1 involving a conspiracy claim shall be dismissed. Claims of conspiracy require a plaintiff to "demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011). The existence of an agreement may be inferred from circumstantial evidence, "but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspirator's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999)). The mere mention of a conspiracy does not satisfy this standard.

A litigant must instead plead sufficient facts to support a "plausible" claim against the defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (litigants must provide a minimum level of "factual content" to state a claim "that is plausible on its face."). Plaintiff offers no factual support for the conspiracy claim and therefore fails to satisfy even this basic standard. *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Allegations of a "vast, encompassing" conspiracy, like the one mentioned in the complaint, "must meet a high standard of plausibility" in order to state a claim under Rule 8 of the Federal Rules of Civil Procedure. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Therefore, merely alluding to a conspiracy in passing, without more, will not suffice.

Because the Court is allowing Plaintiff to proceed with Count 1 against all four defendants, the conspiracy claim adds nothing. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) (noting that the "function of the conspiracy doctrine" in § 1983 cases "in merely to yoke particular individuals to specific torts alleged in the complaint"). Accordingly, **Count 1**, absent any conspiracy claim, shall proceed against all four defendants.

**Count 2 – Denial of Medical Treatment**

Plaintiff also claims that the defendants ignored his diet-related health complaints, in violation of the Eighth Amendment (**Count 2**). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they exhibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). When assessing the seriousness of the medical condition, it is not necessary that the condition be life-threatening. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if left untreated. *Id*.

A prison official may be liable for deliberate indifference to a serious medical need, if he knows that the inmate faces a "substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835-37. The official must have acted with the equivalent of criminal recklessness. *Id*.

The symptoms that Plaintiff described in the complaint are sufficiently serious to support Count 2 for screening purposes. However, the only defendant who arguably responded with deliberate indifference to Plaintiff's request for treatment was Doctor Shah, who told Plaintiff to "drink more water" and buy food from the commissary in response to Plaintiff's single direct

request for medical treatment. (*Id*. at 5). The complaint lacks sufficient allegations against the IDOC Director, Suzann Bailey, and Warden Lashbrook to support a deliberate indifference claim against them. *Twombly*, 550 U.S. at 570. The complaint alleges that these defendants "refused to answer [his] soy related request and grievances." (*Id*. at 5). The grievances he filed as exhibits to the complaint were prepared less than a week before he commenced this action and are not even addressed to the IDOC Director or Suzann Bailey. (Docs. 5, 7, 9). Absent additional allegations regarding the timing and substance of specific requests for treatment to these individuals, Count 2 cannot proceed against them. Under the circumstances, **Count 2** shall only proceed against Doctor Shah and be dismissed without prejudice against all other defendants.

**Count 3 – Fourteenth Amendment Claim**

In addition, Plaintiff's Fourteenth Amendment claim (**Count 3**) does not survive screening and shall be dismissed. In the complaint, Plaintiff refers to the Fourteenth Amendment, but he does not explain why. To the extent that this claim arises from the defendants' failure to respond to Plaintiff's grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim" upon which relief may be granted. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Put differently, the fact that the defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them, even at this early stage. To the extent that Count 3 refers to some other legal basis

for relief, Plaintiff has not included sufficient allegations to support a claim against any particular defendant. *Twombly*, 550 U.S. 544, 570 (2007). Either way, **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 2), which shall be referred to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff has also filed a motion for service of process (Doc. 3), which is hereby **GRANTED**.

### Filing Fee / IFP Motion

This case was opened without payment of a filing fee or the filing of a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion"). On November 13, 2015, the Clerk of this Court sent Plaintiff a letter advising him of this fact (Doc. 4). He was instructed to pay the full $400.00 filing fee or file a properly complete IFP Motion within thirty days, or this case would be subject to dismissal. He was also instructed to file a trust fund account statement (or institutional equivalent) for the six-month period preceding commencement of this action (*i.e.*, May 1, 2015 – November 13, 2015). To date, Plaintiff has not paid his filing fee or filed an IFP Motion with a trust fund account statement for the requisite time period.

If he intends to proceed with this action, Plaintiff is hereby **ORDERED** to provide the Court with a filing fee of $400.00 or a properly completed IFP Motion on or before December 28, 2015. If Plaintiff files an IFP Motion, the Court must review Plaintiff's trust fund account statement for the six-month period immediately preceding the filing of this action. Thus, Plaintiff must have the Trust Fund Officer at his facility complete the attached certification

and provide a copy of his trust fund account statement (or institutional equivalent) for the period 5/1/2015 to 11/13/15, if it has not already been filed with the Court. This information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201. The Clerk has already provided Plaintiff with a blank IFP Motion, along with Doc. 4, and will not need to send another IFP Motion at this time.

**Failure to comply with this Order shall result in dismissal of this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

## Disposition

**IT IS ORDERED** that **COUNT 1** (to the extent it addresses a conspiracy claim) and **COUNT 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

With respect to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **DEFENDANTS ILLINOIS DEPARTMENT OF CORRECTIONS' DIRECTOR, WARDEN LASHBROOK, VIPEN SHAH,** and **SUZANN BAILEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: December 11, 2015**

    s/ MICHAEL J. REAGAN
    Chief Judge
    United States District Court